COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CAROLYN J. PATRICK

                                          MEMORANDUM OPINION*
v.    Record No. 0201-99-3                   PER CURIAM
                                           JUNE 15, 1999
TENNECO PACKAGING AND PACIFIC
 EMPLOYERS INSURANCE COMPANY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (George L. Townsend; Monica S. Lewallen;
             Chandler, Franklin & O'Bryan, on briefs), for
             appellant.

             (Benjamin J. Trichilo; Trichilo, Bancroft,
             McGavin, Horvath & Judkins, P.C., on brief),
             for appellees.


      Carolyn J. Patrick contends that the Workers' Compensation

Commission erred in finding that she failed to prove she sustained

a new injury by accident on February 11, 1997.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

      On April 13, 1995, Patrick sustained a compensable lower back

injury while working as a process specialist for Amoco Foam

Products Company, which was purchased by Tenneco Packaging in

1996.  On June 20, 1997, the commission approved a compromise

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

settlement between Patrick and Amoco/Tenneco, which, with certain exceptions, "released and discharged [the employer and its insurer] from any and all liability and responsibility to [Patrick] for any and all claims arising out of or in the course of [Patrick's] employment." Patrick concedes that if the evidence proved she sustained a change in condition rather than a new injury by accident on February 11, 1997, her current claim for disability is barred by her compromise settlement of the April 1995 injury.

On August 11, 1997, Patrick filed with the commission a claim for benefits alleging that she sustained a new injury to her lower back on February 11, 1997. Patrick testified that on February 11, 1997, she felt lower back pain while trying to push a cart after it had become stuck. Patrick testified that she did not report her injury at that time because she "felt it was the same thing as before." Patrick also testified that she had suffered from intermittent back pain since her April 1995 injury.

Sandy Drummonds, a production team leader, testified that Patrick advised him that her doctor diagnosed her lower back problems as "part of her original injury." Thomas Smith, Patrick's supervisor, testified that on March 16, 1997, Patrick said her old back injury had "flared up on her." In addition, Sandy Sperry, the human resources coordinator, testified that Patrick said her February 11, 1997 injury "was just the same old thing."

- 2 -

The evidence also proved that Patrick sought treatment from Dr. William J. Bender, who had been treating Patrick since the April 1995 injury. Dr. Bender recorded the following history:

> On 2/11/97, she was doing her normal job which had involved pushing a cart onto a frame that had gotten stuck. She had to pull it to release. She felt her back irritate a little bit but this is not uncommon for her. She has dealt usually very well with incidents of re-irritation of the back. This particular one seemed to get worse over the next several days.

Dr. Bender diagnosed a "[r]e-aggravation of low back strain" and noted that Patrick had suffered from left leg pain in the past as well as back pain.

In response to written questions, Dr. Bender indicated that he agreed the February 11, 1997 incident was a recurrence or exacerbation of Patrick's pre-existing lower back problems and did not constitute a new and separate injury. In his deposition, Dr. Bender testified that on February 11, 1997, Patrick experienced a re-aggravation of her chronic lumbar strain that had initially occurred on April 13, 1995. He also stated she had "no new mechanism of injury."

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "[A]ggravation of an old injury or

- 3 -

pre-existing condition is not, per se, tantamount to a new 'injury.'  To be a 'new injury,' the incident giving rise to the aggravation must in itself, satisfy each of the requirements for an 'injury by accident arising out of . . . the employment.'" First Federal Savings & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).  "The Commission's finding of fact that [a subsequent] injury was not a new accident is binding on appeal if supported by credible evidence."  Board of Supervisors v. Martin, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

Patrick's testimony, the testimony of employer's witnesses, and Dr. Bender's unequivocal opinions support the commission's conclusion that Patrick's post-February 11, 1997 lower back pain and disability did not result from a new compensable injury by accident.  The evidence proved Patrick never fully recovered from the 1995 lower back injury and continued to experience chronic pain and exacerbations of her back condition.  Credible medical evidence proved that the February 11 event caused a "[r]e-aggravation of [Patrick's existing] low back strain" that was merely an ever worsening of her original injury.

Based upon this record, we cannot find as a matter of law that Patrick's evidence proved that the February 11, 1997 incident constituted a new injury by accident.

For these reasons, we affirm the commission's decision.

                                                    Affirmed.